UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 15-1610 DSF (VBKx) | Date | 7/13/16 |
|---|---|---|---|
| Title | Jose Escobar v. Transdev Services, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal for Failure to Prosecute and Failure to Comply with Court Orders

This Court has authority to dismiss an action for failure to prosecute in order to ensure "the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631 (1962) (noting that Rule 41(b) of the Federal Rules of Civil Procedure expressly recognizes this power). In determining whether dismissal for lack of prosecution is proper, the Court weighs several factors, including: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Defendant, (4) the availability of less drastic sanctions, and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (recognizing court's inherent power to control its docket by dismissal, where appropriate); *see also Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (noting factors to be weighed before dismissing an action for lack of prosecution included public's interest in expeditious resolution of litigation and court's need to manage its docket).

Dismissal of this case without prejudice is warranted under Rule 41(b). On March 19, 2015, the Court set a Scheduling Conference for June 1, 2015 at 11:00 a.m. Because the parties had cooperated in suggesting dates for various pre-trial matters and a trial date, the Court set those dates and vacated the Conference. The Court's Order re Jury Trial was issued on May 26, 2015. The Order established the dates set by the parties for all pretrial matters. It set the last day to participate in alternative dispute resolution as February 18, 2016, a pretrial conference date of July 25, 2016, and a trial date of August 23, 2016.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

On December 15, 2015, the Court granted the motion by plaintiff's counsel to be relieved as attorney of record. A mediation completion date was set for May 30, 2016. Although an initial conference was held via telephone on August 20, 2015, the parties never complied with the Court ordered mediation.

The parties were ordered to file their Memo of Contentions of Fact and Law, Exhibit and Witness Lists, Motions in Limine and a Status Report re settlement negotiations by July 1, 2016. However, no documents have been filed. In addition, the parties were ordered to lodge their Pretrial Conference Order, an Agreed Set of Jury Instructions and Verdict Forms, a Statement Regarding Disputed Instructions and Verdicts by July 11, 2016. Again, no documents have been filed.

Plaintiff's failure to pursue this action, despite the Court's orders, necessarily implicates both the first and second factors, i.e., the public's interest in expeditious resolution of litigation and the Court's need to manage its docket efficiently. *Pagtalunan*, 291 F.3d at 642. Indeed, Plaintiff's noncompliance - in the absence of a dismissal - would "allow[] Plaintiff[] to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). As to the third factor, there is little obvious prejudice to Defendant at this time, other than the delay in the proceedings so near to trial, and the time and fees that would be required to attend a pretrial conference that would necessarily have to be continued for Plaintiff's failure to provide the required documents.

With respect to the fourth factor, i.e., the availability of less drastic alternatives, the Court could offer Plaintiff another opportunity to comply with its orders but there is nothing in this record to suggest that he would do so.

The fifth factor to be considered, i.e., the preference for resolving cases on the merits, favors the continuation of this case. The Court would prefer to resolve the case on the merits, but, if Plaintiff will not cooperate, this cannot be done. Thus, dismissal pursuant to Rule 41(b) appears warranted. *See Ferdik*, 963 F.2d at 1263 (finding dismissal appropriate where supported by three factors). Nevertheless, considering Plaintiff's *pro se* status, and his noncompliance, the Court will only conditionally dismiss the case without prejudice for failure to prosecute and failure to comply with Court orders. The Court will reinstate the action and set a pretrial conference date if - no later than August 1, 2016, Plaintiff cooperates with defense counsel to choose a mediator and schedule a mediation at a mutually convenient time, and submits a proposed pretrial conference order, verdict form, and a memorandum of contentions of fact and law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

(Pursuant to the Court's Order re Jury Trial, failure to submit jury instructions has waived Plaintiff's right to a jury trial.)  Failure to comply will result in a final dismissal.

    IT IS SO ORDERED.